**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **BILLY RELL MILES,** § <br>    **PETITIONER,** § <br> § <br> **V.** § <br> §    Civil Action No. 4:05-CV-0491-Y <br> **DOUGLAS DRETKE, DIRECTOR,** § <br> **TEXAS DEPARTMENT OF CRIMINAL** § <br> **JUSTICE, CORRECTIONAL INSTITUTIONS** § <br> **DIVISION,** § <br>    **RESPONDENT.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Billy Rell Miles, TDCJ-CID #695744, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Lynaugh Unit in Fort Stockton, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID)

#### C. FACTUAL AND PROCEDURAL HISTORY

On January 31, 1995, Miles pled guilty to a jury and was found guilty of aggravated sexual assault by threats, and the jury assessed his punishment at forty-five years' confinement. (Transcript at 43.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on December 21, 1995, and the Texas Court of Criminal Appeals refused Miles's petition for discretionary review on February 28, 1996. *Miles v. Texas*, No. 02-95-066-CR, slip op. (Tex. App.–Fort Worth Dec. 21, 1995) (not designated for publication); *Miles v. Texas*, PDR No. 228-96. Miles did not seek writ of certiorari. (Resp't Preliminary Resp. at 1.) Miles filed a state application for writ of habeas corpus challenging his conviction on August 7, 1996, which was denied without written order on the findings of the trial court by the Texas Court of Criminal Appeals on January 22, 1997. *Ex parte Miles*, Application No. 32,440-01, at cover. Miles filed this federal petition on July 24, 2005.

D.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

>>to cases on collateral review; or

>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Miles contends the statutory provision set forth in subsection (B) governs when the limitations period in this case began to run, *viz.,* the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action. *Id.* § 2244(d)(1)(B). According to Miles, his federal petition should not be time-barred because he did not receive notice from the Texas Court of Criminal Appeals that it had denied his state habeas application, notwithstanding his numerous letters inquiring into the state court's deposition of the case, until June 2005, some eight years and six months later. (Pet'r Reply at 2.) He argues that the court's delay in notifying him constituted a state-created impediment preventing him from filing his federal petition in a timely manner.

Dretke has provided evidence that on January 22, 1997, the day the Court of Criminal Appeals denied Miles's state habeas application, the court sent Miles notice of its denial by postcard, the official notice of the court, to his address of record at the Garza West Unit in Beeville, Texas. (Resp't Resp. to Court Order, Attachment 3.) After filing his state application, Miles was transferred to the Byrd Unit in Huntsville on November 14, 1996, to the Robertson Unit in Abilene on November 21, 1996, and to the Lynaugh Unit in Fort Stockton on November 26, 1996, where he was

3

permanently assigned and remains assigned. (*Id.* Attachment 4.)  Miles has presented no evidence, however, that he notified the Court of Criminal Appeals of his change of address.  It was Miles's obligation to inform the state court of his change of address and to keep himself informed of the status of his state habeas proceeding.  Moreover, although prison mail records for the period between between January 1, 1997 and December 31, 1998 have been destroyed, the records for the period of March 1999 through June 2005 do not support Miles's assertion that he sent numerous letters of inquiry to the Court of Criminal Appeals.[1]  (*Id.* Attachment 1 & 2.)  Miles has not set forth a valid basis for application of subsection of (B) in determining when the limitation period started to run in this case.

Instead, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  *See id.* § 2244(d)(1)(A).[2]  The state court's judgment became final and the one-year limitations period began to run upon expiration of the time that Miles had for seeking certiorari in the United States Supreme Court on May 28, 1996, and closed on May 28, 1997, absent any applicable tolling.  *See* TEX. R. APP. P. 26.2(a)(1).  Applying the tolling provision in § 2244(d)(2), Miles's state habeas application tolled the limitations period during the pendency of the state habeas proceedings, 168 days, making Mile's federal petition due

---

[1] The prison mail logs from the Lynaugh Unit reflect outgoing legal mail from Miles to the Court of Criminal Appeals only on July 25, 2002 and June 16, 2005, and incoming mail from the Court of Criminal Appeals to Miles on August 2, 2002 and June 30, 2005.  (*Id.* Attachment 2.)

[2] Miles makes no mention of any newly recognized right or undiscovered factual predicate that would toll the running of the limitations period under the other provisions of § 2244(d)(1).  *Id.* § 2244(d)(1)(C)-(D).

on or before November 12, 1997. *Id.* § 2244(d)(2). Because Miles did not file his federal petition until July 24, 2005, after the limitations period had long expired, the petition is untimely, unless equitable tolling is appropriate.

Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Miles argues that, in the alternative to § 2244(d)(1)(B), the delay in notification by the Court of Criminal Appeals presents an extraordinary circumstance that made it impossible for him to file his federal petition on time. (*Id.* at 3.) Although a delay in receiving notification that Miles describes can qualify for equitable tolling, based on the evidence presented, this case does not justify application of the doctrine here. *See Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). Miles cannot lay blame on the state court if he failed to inform the court of his change of address for no apparent reason. This delay mitigates against equitable tolling. Miles has not shown that he was actively misled from learning of the Court of Criminal Appeals's decision or prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Nor does the passage of over eight years show diligence. Thus, Miles's petition cannot be salvaged by equitable tolling under the circumstances.

Miles's federal petition for habeas relief was due on or before November 12, 1997. Accordingly, his petition, filed on July 24, 2005, is untimely.

## II. RECOMMENDATION

Miles's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 1, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 1, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

6

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 10, 2005.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE