IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BILLY RELL MILES, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:05-CV-491-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| T.D.C.J.,Correctional | § | |
| Institutions Div., | § | |
|     Respondent. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Billy Rell Miles under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 10, 2005; and

3. The Petitioner's written objections to the proposed findings, conclusions and recommendation of the United States magistrate judge filed on December 5, 2005.

The Court, after <u>de novo</u> review, concludes that Petitioner's objections must be overruled,[1] and that the petition for writ of

---

[1] Miles contends in his objections that the limitation period is an unconstitutional suspension of the writ of habeas corpus. The Fifth Circuit has rejected this argument:

> The 1-year limitations period of the AEDPA does not violate the Suspension Clause of Art. 1, § 9 [of the Constitution] unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." [Petitioner] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired.

See *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000)(citation omitted); see generally *Wyzkowski v. Department of Corrections,* 226 F.3d 1213, 1217 (11th Cir. 2000)("[e]very court which has addressed the issue--*i.e.,* whether, as a general matter, § 2244(d) constitutes an unconstitutional suspension of the writ-has concluded that it does not")(multiple citations omitted). Miles also contends

habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Billy Rell Miles's Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

SIGNED December 6, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

that the enactment of the limitations provision violated the Ex Post Facto clause of the Constitution. Miles's conviction, however, was not final until after the enactment of the limitations period. Furthermore, application of the statute of limitations does not violate the Ex Post Facto Clause. *See United States v. Flores,* 135 F.3d 1000, 1004-05 (5th Cir. 1998).